UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DEBBORAH L. EVANS,

                    Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                 Defendant.

NO:  2:14-CV-0231-TOR

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

BEFORE THE COURT are the parties' cross-motions for summary judgment.  ECF Nos. 22, 23.  This matter was submitted for consideration without oral argument.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited:  the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).  The

1  party appealing the ALJ's decision generally bears the burden of establishing that

2  it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

"of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy."  *Id.*

§ 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R.

§ 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's

work activity.  *Id.* § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

gainful activity," the Commissioner must find that the claimant is not disabled.  *Id.*

§ 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  *Id.* § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  *Id.* § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  *Id.* § 416.920(a)(4)(iii).  If the impairment is as severe as or more severe than one of the enumerated impairments the Commissioner must find the claimant disabled and award benefits.  *Id.* § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, *id.* § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  *Id.* § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  *Id.* § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  *Id.* § 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  *Id.* § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The burden of proof is on the claimant at steps one through four.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ FINDINGS**

Plaintiff filed an application for supplemental security income, dated April 25, 2012, alleging a disability onset date of April 29, 2010. Tr. 76-87. Plaintiff's claim was denied initially, Tr. 46-49, and upon reconsideration, Tr. 51-53. Plaintiff requested a hearing before an ALJ, Tr. 54, which was held on June 26, 2013, Tr. 518-43. On August 2, 2013, the ALJ rendered a decision denying Plaintiff's claim. Tr. 9-24.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 25, 2012, the application date. Tr. 14. At step two, the ALJ found that Plaintiff had the following severe impairments: chronic hepatitis C with cirrhosis; chronic obstructive pulmonary disease/asthma; fibromyalgia; degenerative disc disease and degenerative joint disease of the cervical and lumbar spine; and obesity. Tr. 14. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 14. The ALJ then concluded that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 416.967(b). The claimant is not able to climb ladders, ropes, and scaffolds and she is able to occasionally climb stairs and ramps. She can frequently stoop, kneel, crouch, crawl, and balance. The claimant should avoid concentrated exposure to vibrations, respiratory irritants, hazards, and extreme cold.

Tr. 17. At step four, the ALJ found Plaintiff is capable of performing past relevant work as a deli clerk and that this work does not require the performance of work-

related activities precluded by Plaintiff's RFC.  TR. 23.  On that basis, the ALJ

concluded that Plaintiff was not disabled as defined in the Social Security Act.  Tr.

23-24.

On May 22, 2014, the Appeals Council denied Plaintiff's request for review,

Tr. 4-7, making the ALJ's decision the Commissioner's final decision for purposes

of judicial review.  *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

Plaintiff commenced this action on July 17, 2014.  ECF No. 1.  On October 3,

2014, the Court granted the parties stipulated motion to remand the matter for the

consideration of additional evidence.  ECF Nos 9, 10.  On February 13, 2015, the

Appeals Council denied review.  Tr. 3C-3D.  On April 1, 2015, this Court granted

the parties' stipulated motion to reopen the case.  ECF No. 12.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

her supplemental security income under Title XVI of the Social Security Act.  ECF

No. 22.  Plaintiff raises the following two issues for this Court's review:

(1) Whether the ALJ properly discredited Plaintiff's symptom claims; and

(2)  Whether the ALJ properly weighed the medical opinion evidence.

ECF No. 22 at 10.  The Court evaluates each issue in turn.

//

//

**DISCUSSION**

**A.    Adverse Credibility Finding**

First, Plaintiff faults the ALJ for failing to provide specific findings with clear and convincing reasons for discrediting her symptom claims.  *Id.* at 11-14.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).  "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Id.* (quoting *Lester v. Chater*, 81

F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

This Court finds the ALJ provided several specific, clear, and convincing reasons for finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms "not entirely credible." Tr. 18.

First, the ALJ found Plaintiff had a poor work history. Tr. 18-19. Her past work performance cast into doubt whether Plaintiff's unemployment was actually due to medical impairments:

> The claimant asserted she has not worked since 2008 because she
> went on interferon treatment. However, her earnings record shows

1

2

3

4

> poor earning prior to the alleged date of onset, which raises a question as to whether the claimant's continuing unemployment is actually due to medical impairments. The claimant did not work in 2005 or 2007 and she only had earnings in the amount of $402.00 and $1729.00, in 2006 and 2008, respectively, both under substantial gainful activity. The treatment records begin in January 2011, although she started interferon treatment in April 2010.

5   Tr. 18-19 (internal citations to the record omitted). Poor work history can provide

6   a permissible reason to cast doubt on Plaintiff's purported reason for

7   unemployment. *See Thomas*, 278 F.3d at 959.

8          Second, the ALJ found the objective medical evidence did not support the

9   degree of limitations alleged by Plaintiff. Tr. 19. The ALJ set out, in detail, the

10  medical evidence regarding Plaintiff's impairments, and ultimately concluded that

11  her allegations were inconsistent with the medical evidence. Tr. 19-21. The ALJ

12  specifically discussed medical evidence contradicting Plaintiff's allegations of

13  back pain, pain in her fingers, swollen hands, abdominal pain, muscle weakness in

14  the knees, and fatigue. Tr. 19-21. For instance, although Plaintiff complained of

15  sharp pains in her lower back, the ALJ noted that examinations in June and August

16  2012 showed Plaintiff "had only mild tenderness in the low back, no swelling, and

17  a negative straight leg raise." Tr. 19-20. Further, although Plaintiff complained of

18  debilitating pain, the ALJ noted that in April and May 2012, around the time of her

19  application, medical visits "yielded a relatively normal examinations, with only

20  some abdominal tenderness and enlarged spleen and liver." Tr. 19.

1      Such inconsistencies between Plaintiff's alleged limitations and medical

2  evidence provided a permissible reason for discounting Plaintiff's credibility.  *See*

3  *Thomas*, 278 F.3d at 958-59 ("If the ALJ finds that the claimant's testimony as to

4  the severity of her pain and impairments is unreliable, the ALJ must make a

5  credibility determination … [t]he ALJ may consider … testimony from physicians

6  and third parties concerning the nature, severity and effect of the symptoms of

7  which the claimant complains.") (internal citations and modifications omitted));

8  *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While

9  subjective pain testimony cannot be rejected on the sole ground that it is not fully

10  corroborated by objective medical evidence, the medical evidence is still a relevant

11  factor in determining the severity of the claimant's pain and its disabling effects.").

12      Third, the ALJ found Plaintiff's testimony that her daily activities are fairly

13  limited was contradicted by statements in function reports submitted by Plaintiff

14  and her husband.  Tr. 21.  The ALJ noted

15       on the function report, completed by the claimant on June 7, 2012, the
        statements suggest that claimant's activities of daily living are not as
16       limited as she reported in her testimony.  She said she feeds, grooms,
        and lets the animals outside.  She is able to clean (without specifying
17       an[y] limitations), she folds laundry, and rarely irons.  She said she
        prepares meals daily, but not several courses and she needs help with
18       prep work.  She gets out daily, either by car or to let the dogs out.  She
        grocery shops.  She goes to church every week and she regularly visits
19       friends.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

Tr. 21-22 (citations to record omitted). Because the ALJ may employ "ordinary techniques of credibility evaluation, such as the claimant's reputation for lying … and other testimony by the claimant that appears less than candid" when assessing the Plaintiff's credibility, *Tommasetti v. Astrue*, 533 F.3d at 1035, 1039 (9th Cir. 2008), the ALJ did not err when she found inconsistencies between Plaintiff's testimony and her function report statements.  *See Molina*, 674 F.3d at 1112 ("[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct.").

Regarding the third party function report completed by Plaintiff's husband, the ALJ noted

> His statements are contrary to the claimant's allegations at the hearing of doing very few activities of daily living.  He asserted the claimant is able to do most housework (no yard work), helps groom the animals, she does most of the cooking but needs some help with prep work, she grocery shops, and visits with friends.  Some weight was given to these statements, as these statements indicate the claimant is not as limited as she stated in her testimony.

Tr. 22 (citations to record omitted).  An ALJ may support her adverse credibility finding by citing to general inconsistencies in the record.  *Id; see Thomas*, 278 F.3d at 958-59; *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (explaining lay testimony is competent evidence that an ALJ must take into account).  Moreover, in assessing a claimant's credibility, an ALJ may consider her daily activities.  *See Molina*, 674 F.3d at 1113 ("Even where those activities suggest some difficulty

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1   functioning, they may be ground for discrediting the claimant's testimony to the

2   extent that they contradict claims of a totally debilitating impairment.").

3        The ALJ also noted that Plaintiff's daily activities "cannot be objectively

4   verified with any reasonable degree of certainty" and that "it is difficult to attribute

5   that degree of limitation to the claimant's medical condition."  Tr. 21.  Plaintiff

6   rightfully faults the ALJ for relying on an unknown standard.  ECF No. 22 at 12.

7   Nonetheless, in light of all the other permissible reasons the ALJ provided for

8   discrediting Plaintiff's testimony, this Court does not find the ALJ has committed

9   reversible error.  *See Molina*, 674 F.3d at 1115 ("[S]everal of our cases have held

10  that an ALJ's error was harmless where the ALJ provided one or more invalid

11  reasons for disbelieving a claimant's testimony, but also provided valid reasons

12  that were supported by the record." (citations omitted)); *see also Batson v. Comm'r*

13  *of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (holding that any error

14  the ALJ committed in asserting one impermissible reason for claimant's lack of

15  credibility did not negate the validity of the ALJ's ultimate conclusion that the

16  claimant's testimony was not credible).  In sum, despite Plaintiff's arguments to

17  the contrary, the ALJ provided several specific, clear, and convincing reasons for

18  rejecting Plaintiff's testimony.  *See Ghanim*, 763 F.3d at 1163.

19  //

20  //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    **B.    Medical Opinion Evidence**

2    Next, Plaintiff faults the ALJ for discounting the opinions of Dr. Mullen and

3    Dr. Lind.  ECF No. 22 at 14-16.

4    There are three types of physicians: "(1) those who treat the claimant

5    (treating physicians); (2) those who examine but do not treat the claimant

6    (examining physicians); and (3) those who neither examine nor treat the claimant

7    but who review the claimant's file (nonexamining or reviewing physicians)."

8    *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted).

9    "Generally, a treating physician's opinion carries more weight than an examining

10   physician's, and an examining physician's opinion carries more weight than a

11   reviewing physician's."  *Id.*  "In addition, the regulations give more weight to

12   opinions that are explained than to those that are not, and to the opinions of

13   specialists concerning matters relating to their specialty over that of

14   nonspecialists."  *Id.* (citations omitted).

15   If a treating or examining physician's opinion is uncontradicted, an ALJ may

16   reject it only by offering "clear and convincing reasons that are supported by

17   substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

18   "However, the ALJ need not accept the opinion of any physician, including a

19   treating physician, if that opinion is brief, conclusory and inadequately supported

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1    by clinical findings." *Bray*, 554 F.3d at 1228 (internal quotation marks and

2    brackets omitted).

3          Plaintiff contends a May 9, 2012 DSHS physical evaluation report signed by

4    Dr. Mullen (Tr. 184-85) indicates that Plaintiff was limited to two pounds of lifting

5    and would be unable to perform even sedentary work.  ECF No. 22 at 5, 15.

6    Plaintiff contends the ALJ afforded little weight to this treating physician's

7    evaluation because it was based on Plaintiff's subjective complaints.  Plaintiff is

8    only partially correct.  The ALJ correctly identified this report as belonging to

9    Joseph Petersen, ARNP.  Tr. 22.[1]  The ALJ observed that Mr. Petersen disclaimed

10   conducting a physical capacity evaluation and that the evaluation contained mostly

11   the Plaintiff's subjective complaints.  *Id*.  Moreover, the ALJ observed that the

12   accompanying treatment notes do not support Plaintiff's claimed restrictions.  *Id*.

13         Mr. Petersen is a nurse practitioner and as such is considered an "other

14   source."  20 C.F.R. § 416.913(d).  Because Mr. Petersen is an "other source" whose

15   opinions about the nature and severity of Plaintiff's impairments are not entitled to

16   controlling weight, the ALJ need only have provided "germane reasons" for

17

18

19   [1] The evaluation report shows that no physical evaluation was performed and Dr.

20   Mullen merely cosigned the form as Mr. Petersen's supervisor.  *See* Tr. 185.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1  rejecting his opinions.  SSR 06-03p, 2006 WL 2329939 at * 2; *Molina*, 674 F.3d at

2  1111.

3      Because an ALJ is not required to accept a medical opinion that is "largely

4  based" on a claimant's non-credible self-reports, *Tommasetti*, 533 F.3d at 1041,

5  and because an ALJ may discount a medical opinion if there are inconsistencies

6  between the opinion and the provider's treatment notes, *see Bayliss*, 427 F.3d at

7  1216, the Court finds the ALJ provided germane reasons for affording Mr.

8  Petersen's opinion limited weight.

9      Next, Plaintiff challenges the little weight given to Dr. Lind's opinion.  ECF

10  No. 22 at 15.  Plaintiff only disputes that the ALJ discounted the opinion because it

11  predated the claimed onset of disability by more than one year.  *Id*.  But, the ALJ

12  found more fundamental problems with Dr. Lind's opinions that go unchallenged.

13      Dr. Lind conducted evaluations in 2010 and 2011.  In 2010, Dr. Lind filled

14  out a Department of Social & Health Services ("DSHS") check-box form.  Tr. 436-

15  39.  Assessing Plaintiff's overall work level, he checked a box indicating that

16  Plaintiff was "severely limited," meaning she was "unable to lift at least 2 pounds

17  or unable to stand and/or walk."  Tr. 438.  He also checked a box indicating

18  Plaintiff's chronic hepatitis C diagnosis caused a "marked" limitation, meaning a

19  "[v]ery significant interference with the ability to perform one or more basic work-

20  related activities."  Tr. 438.

1    In 2011, Dr. Lind filled out another DSHS check-box form in which he

2    checked a box indicating Plaintiff is "work function impaired."  Tr. 440-41.  He

3    also indicated that Plaintiff can only stand for 1-2 hours and sit for 1-2 hours in an

4    8 hour work day, lift 10-15 pounds occasionally and lift 5 pounds frequently.  Tr.

5    440.  Additionally, he indicated that Plaintiff did not have any postural, gross or

6    fine motor, or environmental restrictions.  Tr. 441.

7        The ALJ discounted Dr. Lind's 2010 and 2011 opinions because there were

8    no contemporaneous treatment notes to support the check-box opinions and the

9    treatments notes that are available do not support such significant limitations. The

10   ALJ found:

> The earliest treatment of record from Dr. Lind (and in the case record
> overall) is January 11, 2011, and the objective evidence reported in
> this note shows a normal examination, except as mild lower left
> quadrant tenderness.  Although the claimant started receiving
> interferon treatment in April 2010, there are no treatment notes dating
> that far back.  Therefore, the limitations reported by Dr. Lind in June
> 2010, cannot be objectively verified; however, the treatment notes
> available do not support such significant limitations and the claimant
> was on interferon from January 2011 to April 2011 and the treatment
> notes for the period of time do not suggest limitations more limiting
> than the light residual functional capacity given above …
> Furthermore, the opinion given on July 5, 2011, is also not supported
> by treatment notes.  On June 2, 2011, a treatment note by Dr. Lind
> only [indicated] abdominal tenderness, moderate epigastric
> tenderness, and an enlarged spleen, otherwise the examination was
> normal.

Tr. 23 (citations to record omitted).  Inconsistencies between a doctor's opinion

and his own reports can provide a specific and legitimate reason for rejecting even

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

1    a treating doctor's opinion.  *See Bayliss*, 427 F.3d at 1216 (finding a discrepancy

2    between a doctor's opinion and his other recorded observations and opinions

3    provides a clear and convincing reason for not relying on that doctor's opinion).

4         The ALJ also discounted Dr. Lind's 2010 and 2011 opinions because they

5    predate Plaintiff's application.  The ALJ found:

6         Moreover, this is a Title XVI application only.  Although the claimant
          alleged an onset back to April 2010, the relevant period is from the

7         application date and the June 24, 2010 opinion is more than one year
          prior to application date.

8

9    Tr. 23 (citations to record omitted).  In making a determination whether a claimant

10   is disabled, an ALJ must "develop [the claimant's] complete medical history for *at*

11   *least the 12 months preceding the month in which you file your application* unless

12   there is a reason to believe that development of an earlier period is necessary…"

13   20 C.F.R. § 416.912(d) (emphasis added).  To the extent that ALJ erred in rejecting

14   an opinion made more than one year prior to the application date, it was harmless

15   error.  *See Tommasetti*, 533 F.3d at 1038 (holding that for an error to be harmless it

16   must be "clear from the record that the ALJ's error was inconsequential to the

17   ultimate nondisability determination").  Because the ALJ provided the specific and

18   legitimate reasons discussed above for affording Dr. Lind's opinion little weight, it

19   is clear from the record that any error was inconsequential to the ALJ's ultimate

20   determination.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

1    **ACCORDINGLY, IT IS HEREBY ORDERED:**

2        1.  Plaintiff's Motion for Summary Judgment (ECF No. 22) is **DENIED**.

3        2.  Defendant's Motion for Summary Judgment (ECF No. 23) is

4            **GRANTED**.

5    The District Court Executive is hereby directed to file this Order, enter

6    **Judgment for Defendant**, provide copies to counsel, and **CLOSE** the file.

7        **DATED** February 23, 2016.

8    

9                    THOMAS O. RICE
                 Chief United States District Judge

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19